**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee.

v.

STEPHEN STERLING THOMAS, sued
as Stephen Thomas,

        Defendant-Appellant.

No. 04-5086
(D.C. Nos. CV-03-658-C
and CR-99-33-C)
(N.D. Okla.)

**ORDER**

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

        This is a *pro se* 28 U.S.C. § 2255 prisoner appeal. Appellant was convicted by jury of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. He was sentenced to 240 months of imprisonment followed by a three-year term of supervised release and a $5,000 fine. Appellant's conviction and sentence were affirmed by this court on direct appeal in United States v. Williams, No. 00-5244, 2002 WL 1815916 (10th Cir. Aug. 8, 2002). The Supreme Court subsequently denied Mr. Thomas' petition for a writ of certiorari. Thomas v. United States, 537 U.S. 1038 (2002).

In his § 2255 motion, Appellant raised three ineffective assistance of counsel claims: 1) failure to object to or challenge the applicability of Guideline provision 2D1.1(b); 2) failure to argue that a single conspiracy cannot stand where more than one conspiracy was proved at trial; and 3) failure to argue the applicability of Guideline provision 2D1.1 n.6. The district court, in a well-reasoned opinion, denied Appellant's motion holding that Mr. Thomas failed to allege any fact showing that his counsel's conduct was unreasonable as the term is defined in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). A claim for ineffective assistance of counsel requires Appellant to show that 1) his attorney's "performance was deficient . . . [in that he] made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and 2) "the deficient performance prejudiced the defense." <u>Id.</u> at 687.

The district court did not act on the issue of certificate of appealability; therefore, it is deemed denied. Appellant then applied to this court for a certificate of appealability. In order for this court to grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(2000). To do so, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further."
Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Appellant's main argument is that his sentence should have been reduced like that of his co-defendant whose sentence was vacated and remanded on direct appeal in United States v. Williams, No. 00-5244, 2002 WL 1815916 (10th Cir. Aug. 8, 2002). The district court fully addressed this argument and decided that Appellant could not meet the second element of the Strickland test–showing prejudice for his attorney's failure to raise this issue on direct appeal–because it was not reasonably probable that his sentence would have been reduced if he were resentenced pursuant to the rationale from Williams. District Court Order, June 7, 2004, at 7.

We have carefully reviewed Mr. Thomas' brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's brief raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court in its Order of June 7, 2004, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack, 529 U.S. at 484.

We DENY Petitioner's request for a certificate of appealability and DISMISS the appeal. Appellant's motion for leave to proceed without

prepayment of fees is GRANTED.

Entered for the Court


Monroe G. McKay
Circuit Judge